QUESTION:
Who would make the appointment of counsel to represent an indigent parolee at a revocation hearing in the event necessary funds are made available?
SUMMARY:
The Florida Parole and Probation Commission does not have the power to appoint counsel for indigent parolees facing a parole revocation hearing. A circuit judge does not have the power to appoint a private attorney to represent an indigent parolee without compensation. No state funds have been appropriated for the payment of fees to counsel appointed to represent indigent parolees. County funds may not be expended for a state purpose. The Florida Parole and Probation Commission should at least ask the public defenders of this state to represent indigent parolees until such time as a legislative remedy is forthcoming.
The answer to your question must lie with the legislature. The Florida Parole and Probation Commission should make the appointment if it had the power to do so. This was indicated by the United States Supreme Court in Gagnon v. Scarpelli, . . . . .U.S. . . . . ., (1973). We quote:
"[10] We thus find no justification for a new inflexible constitutional rule with respect to the requirement of counsel. We think, rather, that the decision as to the need for counsel must be made on a case-by-case basis in the exercise of a sound discretion by the state authority charged with responsibility for administering the probation and parole system. Although the presence and participation of counsel will probably be both undesirable and constitutionally unnecessary in most revocation hearings, there will remain certain cases in which fundamental fairness — the touchstone of due process — will require that the State provide at its expense counsel for indigent probationers or parolees." (Emphasis supplied.)
I have carefully reviewed the provisions of Ch. 947, F.S., and particularly s. 947.13, and have been unable to discover any statutory provision authorizing the Florida Parole and Probation Commission to appoint counsel for indigent parolees facing a parole revocation hearing. Nor do I find that the provisions of s.947.13 grant to the commission any express power to which the implied power of appointment of counsel would be necessarily incident thereto. In other words, there is no implied power which would permit the commission to appoint counsel for an indigent parolee.
Neither do I think it feasible for this office, representing the commission, to petition the appropriate circuit court to appoint counsel for an indigent parolee. For example, should this be done, how would the appointed counsel be paid? Could the county wherein the parolee had been convicted be required to shoulder this financial burden? I think not. The expenditure of state funds must be for a state purpose only, and such state purpose must be performed by the state in the exercise of its governmental functions. Similarly, county funds must be expended for county purposes only. To require a county to shoulder this financial burden would be requiring it to expend county funds for a state purpose. This may not be done.
Article VII, s. 1, State Const., prohibits all expenditures except those made in pursuance of appropriations made by law, the legislative power to appropriate state funds for state purposes being exercised only through duly enacted statutes. Such appropriations of state moneys can be used only to pay claims against the state duly authorized by the legislature and audited and approved according to law. See generally AGO 071-28. I know of no statutory authorization permitting the State of Florida to pay the fees for attorneys to represent indigent parolees at parole revocation hearings.
The thought occurs that perhaps the commission might prevail upon a circuit judge to appoint a member of the bar to serve as counsel for an indigent parolee without compensation. It is true that trial judges of courts of general jurisdiction have the inherent power to appoint a member of the bar to serve in a matter that is pending in the court over which the appointing judge presides. But to say that a circuit judge has the inherent power to appoint a member of the bar to represent an indigent client without compensation is quite a different matter. This would be tantamount to holding that a circuit judge on any given occasion has the power to compel a private attorney to represent an indigent client gratuitously. I cannot subscribe to such a thesis.
The only feasible and immediate remedy that I can see is the stopgap measure of prevailing upon the several public defenders to represent such indigent parolees until an effective legislative answer to this problem is forthcoming. I understand that the office of the public defender in Palm Beach County now represents indigent parolees at a parole revocation hearing. This is commendable. I believe that the percentage of indigent parolees requiring appointment of counsel would be so small that the burden could be shouldered by the several public defenders throughout the state without too much difficulty.